**INSANE DELUSIONS NOT AFFECTING PROVISIONS OF WILL.**

Court of Appeals for Delaware County.

BOARD OF FOREIGN MISSIONS OF THE PRESBYTERIAN CHURCH IN
THE UNITED STATES OF AMERICA V. HENRY W. BEVAN,
AND HENRY W. BEVAN, AS ADMINISTRATOR WITH
THE WILL ANNEXED OF THE ESTATE OF
JAMES BEVAN, DECEASED.

Decided, May Term, 1913.

*As to Qualification of Non-expert Witnesses—Hypothetical Questions,
How Made Competent—Estoppel Against Contestant—Mistaken
Tendency on the Part of Juries in Will Cases—Delusions Not
Ground for Setting Will Aside, When.*

1. The opinions of non-expert witnesses as to the sanity of a testator
   are incompetent, where such witnesses do not qualify by giving
   the facts coming under their observation upon which their opinions
   are based.
2. While it is not necessary that hypothetical questions submitted to ex-
   pert witnesses should be based on conceded facts or be stated in
   the language of the witness, replies to such questions are incom-
   petent where the questions are not based on facts which the testi-
   mony tends to prove.
3. Lack of testamentary capacity is not shown by evidence of a re-
   ligious conviction on the part of the testator upon the subject of
   foreign missions, where his delusion with reference thereto, if any
   existed, did not control the making of his will, but on the contrary
   he disposed of his property without reference to foreign missions
   except and in the event of his son and only heir dying without
   issue.

*Overturf & Hough* and *Waight & Moore*, for plaintiff in error.
*Marriott & Freshwater* and *Pugh & Pugh*, contra.

VOORHEES, J.; SHIELDS, J., and POWELL, J., concur.

Error to the Court of Common Pleas of Delaware County.

This cause is in this court on proceedings in error. The case
below was tried on an amended petition filed May 1st, 1909, and
issue joined by answer filed February 5th, 1910. The object

of the suit was, and is, to set aside the last will and testament of said James Bevan, deceased, on grounds stated in said amended petition.

The will was made on the 17th day of December, 1894, and James Bevan died February, 1903. His will was admitted to probate and record in the Probate Court of Delaware County, Ohio, on the 30th day of May, 1903.

The grounds on which the will is contested are set forth in said amended petition, and are, in substance, that at the time of making said will, and for many years prior thereto, the said James Bevan was not of sound mind and memory, but by reason of old age and sickness was mentally incapacitated from making a will or proper disposition of his property, and was persuaded and unduly influenced into signing said will by persons whose names are unknown to plaintiff, at their suggestion, influencing and prejudicing the weak mind of the said James Bevan against the interests of the plaintiff; second, that said will and the devise therein to the said defendant Board of Foreign Missions of the Presbyterian Church in the United States of America, were procured and made by the exercise of undue influence over the mind of the plaintiff's father, the said James Bevan, so that such will or paper writing does not, because of such undue influence, express his wish or will; third, that said paper writing or pretended will is not the valid last will and testament of said James Bevan, deceased, because the same is not executed and is not signed at the end thereof as required by the statutes of Ohio, and is therefore void. Said pretended will was not signed by deceased or any one thereunto authorized by him.

To the amended petition plaintiff in error, defendant below, filed its answer, setting up his defenses:

First, after admitting a number of allegations contained in the amended petition, among which are that the defendant below, plaintiff in error, admits that it is an eleemosynary corporation organized as alleged in the amended petition; that on the 28th day of February, 1903, James Bevan died; that on the 30th day of May, 1903, a certain paper writing, purporting to be the last will and testament of the said James Bevan, deceased, bear-

ing date of the 17th day of December, 1894, was presented to
and admitted to probate by the probate court of said Delaware
county; that said paper writing remained in said court as a
portion of the records thereof, and that letters testamentary
were issued thereon by said probate court to the said Henry W.
Bevan, defendant in error, as administrator with the will an-
nexed; that by the terms of said paper writing, the said plaintiff
in error is named as devisee of said James Bevan, deceased, de-
pending, however, on certain conditions and contingencies ex-
pressed therein.

Defendant below, plaintiff in error, denies that "said paper
writing is not the last will and testament of James Bevan, de-
ceased, for the reason that said James Bevan, at the date of said
paper writing, and for many years prior thereto, was not of
sound mind and memory; and denies that by reason of old age
and sickness was mentally incapacitated from making a will or
proper disposition of his property, and was persuaded and un-
duly influenced in signing said paper writing by persons whose
names are unknown to plaintiff, defendant in error, at their
suggestion, influencing and prejudicing the weak mind of said
James Bevan against the interests of the plaintiff."

Defendant further denies that said paper writing and devise
therein to said answering defendant "were procured and made
by the exercise of undue influence over the mind of said James
Bevan, so that said paper writing does not, because of such undue
influence, express his wish and will."

Said defendant further denies "that said paper writing is
not the valid last will and testament of said decedent, James
Bevan, because the same is not executed and is not signed at
the end thereof as required by the statutes of Ohio, and is there-
fore void." And further denies that said will was not signed
by said decedent or any one thereunto authorized by him. The
defendant denies each and every allegation in the amended peti-
tion contained not herein specifically admitted to be true.

As a second defense the defendant adopts all and singular the
admissions, denials and allegations in the first defense contained
as far as the same may be applicable herein, and says that the

plaintiff on the 17th day of March, 1903, filed said will for probate and used his influence to accomplish the probate of the same; that he sought the administration of the estate of said James Bevan under said will and the appointment as administrator with the will annexed, and was appointed as such, and duly qualified on the 2d day of July, 1903, and has ever since acted under said appointment; that in making application for said appointment, plaintiff made affidavit asserting such instrument as the last will and testament of said James Bevan, and praying authority thereunder to administer said estate.

Defendant further says that plaintiff, ever since his appointment, has acted as the administrator of said estate, and has acted upon and under the terms of said will, and has administered the estate under said will as such administrator with the will annexed; that said plaintiff has received and accepted his legacy under said will and has taken possession of the real estate of which the said James Bevan died seized, and has sold property and collected money in the administration of such estate, all by virtue and under the authority of said will, for all of which plaintiff is now estopped from assailing or denying the validity of said will.

Defendant prays that an issue be made up as to whether said paper writing is the last will and testament of said James Bevan; that the same may be declared to be the valid last will and testament of said James Bevan; that the said Henry W. Bevan, plaintiff, be estopped from assailing or denying the validity of said will; and for all other proper relief.

Upon issue so made up and joined, said cause was tried to a jury at the April term, 1912, to-wit, April 25th, 1912, resulting in a verdict and finding by the jury "that the paper writing described in the petition and produced at the trial purporting to be the last will and testament of James Bevan, deceased, is not the valid last will and testament of the said James Bevan, deceased. Signed, Eugene Nash, Foreman."

Thereupon, the Board of Foreign Missions, defendant, excepted to said finding of the jury, and gave notice of its intention to file a motion for a new trial, which was accordingly done within the time required by law.

Proceedings in error are prosecuted to this court. Sixteen grounds of error are set forth in the petition in error as reasons for reversal of the judgment as follows, to-wit:

1st. The court erred in sustaining the demurrer by the plaintiff below filed October 3, 1905, to answer of estoppel by defendants below.

2d. For error of the court in admitting testimony offered by plaintiff below to which the defendant below at the time excepted.

3d. For error of the court in rejecting testimony offered by defendant below upon the trial of the cause, to which ruling of the court the defendant below at the time excepted.

4th. Irregularity in the proceedings of the court by which the plaintiff was prevented from having a fair trial.

5th. Misconduct of the jury.

6th. Accident and surprise which ordinary prudence could not have guarded against.

7th. That the verdict was given under the influence of passion and prejudice.

8th. That the verdict is not sustained by sufficient evidence and is contrary to law.

9th. The verdict of the jury is contrary to law.

10th. Error of law occurring at the trial and excepted to by the defendant at the time.

11th. Error of the court in its general charge to the jury.

12th. Error of the court in giving special instructions to the jury asked by plaintiff below.

13th. The verdict of the jury should not have been for defendant and against plaintiff.

14th. Misconduct of counsel for defendant.

15th. The court erred in overruling the motion for a new trial.

16th. There are other errors manifest on the record not shown by the motion for a new trial.

All the grounds are not urged in the arguments or briefs, and we will consider such as we regard as material and necessary in reaching a correct conclusion in the case.

The first ground of error complained of in the petition in error, is that the court erred in sustaining the demurrer by the plaintiff below, filed October 3d, 1905, to answer of estoppel by defendants below.

As a second defense in said answer it is alleged that the plaintiff filed the will of his father, James Bevan, deceased, for probate, used his influence to accomplish the probate, sought the administration of the estate under the will, and was appointed administrator, qualified, and has ever since acted as such; that in making the application for appointment he made affidavit asserting that the instrument was the last will and testament of his father; that ever since said appointment he has acted as administrator, and has administered upon the estate; that he received and accepted the legacy under the will, and has taken possession of the real estate of which his father died seized and has sold property and collected money under the estate as administrator. From these facts he is estopped from thereby contesting the validity of the will.

In support of the demurrer, we are cited to the decision of this court in the case of *Flora Leedy* v. *R. H. Cockley et al*, reported in 14 C.C.(N.S.), page 72, but the facts in that case are so different from the facts set up as a second defense in the answer filed October 3d, 1905, in the case at bar that we do not regard the case an authority which should control this court in deciding upon the sufficiency or insufficiency of the second defense in said answer.

A history of the pleadings will demonstrate the insufficiency of said defense. The original petition was filed January 25th, 1905, and to that petition an answer was filed September 18th, 1905, in which the same defense was set up. A demurrer was interposed to that defense by the plaintiff and the same was sustained, to which exceptions were taken.

On May 1st, 1905, the plaintiff filed an amended petition which contained practically all the averments of the original petition and some new allegations, one being that the signature to the will was not the signature of James Bevan.

To the amended petition the defendants filed an answer February 5th, 1910, and in which they repeated the second defense which was contained in their answer to the original petition.

To this answer, and to neither of the defenses therein contained was ever any demurrer filed by the plaintiff. A motion was filed to strike out this defense, but it was never heard. The amended petition superseded the original petition and the answer to the amended petition superseded prior answers to the original petition.

The case was tried on the amended petition and the answer thereto, which answer contained the plea of estoppel. Not having been demurred to, it was part of the pleadings, making up the issues upon which the cause was tried. Upon estoppel Henry Bevan was a witness. This clearly demonstrates that there was no prejudicial error in the court sustaining a demurrer to the second defense in the answer to the original petition. There was no error in sustaining the demurrer to answer of estoppel filed October 3d, 1905.

The main or principal errors are in the admission of testimony on behalf of plaintiff below, error in the proceedings of the court by which the defendant was prevented from having a fair trial.

These errors are raised in the petition in error under grounds 2 and 4, and may be considered together.

There is error in the record in the admission of testimony on behalf of the plaintiff below in this:

The non-expert witnesses did not sufficiently qualify before giving an opinion as to the mental condition of the testator at the time he made his will. All the authorities hold that non-professional witnesses are allowed to state their opinions on the trial of an issue involving mental capacity or soundness or unsoundness of mind, in connection with the facts on which the opinions are formed. The only exception to this rule of evidence is that recognized in the probate of wills and in issues to try their validity. The subscribing witnesses are allowed and required to state that in their opinion the testator was of sound

and disposing mind and memory.   The principle has come to be generally recognized that non-professional witnesses may give their opinion upon the question of sanity as a result of their personal observations of the person whose mental condition is in issue after stating the facts which they have observed.

Tested by this rule of law, as to the testimony of non-expert witnesses, in giving an opinion as to the soundness or unsoundness of the mind of the testator, James Bevan, we think there was error in permitting the witnesses, J. A. Clingan, W. D. Stayman, W. B. Matthews, Henry Donivan, Henry Evans, John Soll, J. B. Jones, William Pritchard, C. M. Leonard, James M. Richey and John McClure, to give their opinions as to the soundness of mind of said testator at the time he made his will.

Error in the admission of the expert or professional witnesses in connection with the hypothetical question is equally manifest.

Hypothetical questions should be based upon facts which the evidence tends to prove.   It is not required that they should be based upon conceded facts, nor that they should be stated in the language of the witness.   *Meeker* v. *Meeker,* 74 Iowa, 355.

A medical witness who has seen and examined the injured party and has testified to his condition, may state what in his opinion produced the symptons he has described.   A hypothetical question may assume such facts within the range of the evidence as the party believes the evidence tends to establish. *Louisville, etc., Ry. Co.* v. *Wood,* 113 Ind., 554.

The answer of an expert witness to a hypothetical question must be supposed to rest on all of the facts stated in such question; and if one of these facts is not found in the case the jury must disregard the answer.   *Turnbull* v. *Richardson,* 69 Mich., 400-10; *People* v. *Foley,* 64 Mich., 148-156; *Lydia M. West, as executrix, etc.,* v. *Lillian Knoppenberger,* 4 C.C.(N.S.), 305.

Tested by these rules of evidence, and in connection therewith, from a comparison of the hypothetical question submitted to the expert witnesses, with the testimony in the record, it is so manifest that the hypothetical questions propounded to the medical experts were not substantially correct as shown by the evidence introduced on the trial of the case that the opinions given by

the experts based upon the facts assumed in the hypothetical question are entitled to no weight. That is to say, the hypothetical facts upon which the questions were based were so exaggerated and unsupported by the evidence in the case, the opinions were not entitled to any weight in determining the issue in the case.

The sole value of the opinion must of necessity depend upon the correctness of the statement of facts upon which it is based. If the facts are incorrect the opinion can have no weight or value.

Therefore, in view of the incompetent testimony given by the non-professional experts, there is manifest error in the record in this case.

With this incompetent evidence eliminated the verdict of the jury is contrary to law, and is not sustained by sufficient evidence.

When we come to consider the law on the subject of testamentary capacity, there is no evidence to overcome the reasonableness of the will, which was made under the circumstances that James Bevan made his will. His only child was a son, twelve years of age, untried in business and uncertain of life and health; he gives him sufficient property for his life to yield him an ample income for his support in health or sickness, to-wit: the use of 245 acres of land, and two houses in the city of Delaware, and personal property in amount and value of $6,280.

In his will he gives the use of his property to his wife during her life; to his son if living at the death of his wife during his life; if the son leaves children to them in fee simple.

The verdict in this case can not be accounted for on any theory other than prejudice of the jury. The modern tendency of juries in will contests is to be governed by their own notions as to what the will should be, and how the testator, according to their individual notions, should have disposed of his property. It seems that the verdict is the result either of a misapprehension of the charge of the court as to law, or bias and prejudice in favor of the defendant in error or against the testator, Henry Bevan, and that they must have caught the spirit that was

breathed forth in the testimony of several of the witnesses that they thought the old gentleman was not competent to make a will because he made a will different from what they would have made.   In this case we are clearly of the opinion that the verdict of the jury is clearly and manifestly against the weight of the evidence and contrary to law.   The only theory upon which the verdict can be accounted for was the bias and prejudice of the jury.

It is hardly necessary to extend the discussion further.   The testimony upon the question of testamentary capacity of James Bevan, counsel for defendant in error substantially concede does not show want of testamentary capacity excepting as manifested by his religous conviction upon the subject of foreign missions.   In other words, he was controlled by an insane delusion in making his will.

To avoid a will on the ground of delusion of the testator, the delusion must be an insane delusion and the will must be a product of it.   *Johnson* v. *Johnson*, 105 Md., 81.

"Delusions on the part of the testatrix, though without foundation, that her sons had defrauded her, are not sufficient grounds to set aside her will passing over her sons.   They still have the burden of proof to show not only that the testatrix was laboring under such delusions at the time she made the will, but also that the will was the result of such delusions, before a court is justified in setting aside the will therefor." *Estate of Hemingway,* 195 Pa., 291; same case 78 American State Reports, 815.

"Delusions can scarcely be regarded as evidence of general insanity, and when evidence of them is opposed by other evidence tending to prove the general capacity of the person whose mind is in question to attend to his own affairs, and to dispose of them with sagacity, or at least in obedience to the free impulses and motives of his mind, his contracts and his dispositions of his property, testamentary and otherwise, must be treated as valid, unless connected in some way with his insane delusions." *Lucas* v. *Parson,* 71 Am. Dec., 147; *Maynard* v. *Tyler,* 168 Mass., 107; *Rice* v. *Rice,* 50 Mich., 448;   *Hollinger* v. *Syms,* 37 N. J. Eq., 221.

It can hardly be contended with any reason that his religious delusion on foreign missions had any connection with his will.

as he disposed of his property without regard to foreign missions except on condition that his son should die leaving no issue.

This disposes of the case. It is not necessary to pass upon the other assigned errors. Judgment of the court below is reversed with costs, and the verdict is set aside for reasons stated in the foregoing opinion. Cause remanded to the common pleas for new trial and proceedings according to law. Exceptions.